```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MELVIN SHAWN JONES, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civil Action<br>No. 14-7788 (JBS) |
| KENNETH NELSON, et al., | |
| Respondents. | **OPINION** |

**SIMANDLE, Chief Judge:**

I.   **INTRODUCTION**

Before the Court is Petitioner Melvin Shawn Jones' ("Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Docket Entry 1). For the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

II. **BACKGROUND**

Petitioner pled guilty in the Superior Court of New Jersey, to one count of felony murder, N.J. STAT. ANN. § 2C:11-3(a)(3). On November 21, 1991, the trial court sentenced Petitioner to life with a thirty-year period of parole ineligibility. (Docket Entry 1 at 3). He appealed his sentence to the Appellate Division, which ultimately affirmed his sentence. (Docket Entry 1 at 4). The Supreme Court of New Jersey denied certification on October 7, 1992. *State v. Jones*, 617 A.2d 1218 (N.J. 1992).

On February 5, 1995, Petitioner filed a petition for post-conviction relief ("PCR") in the Superior Court Law Division. (Docket Entry 1 at 5). He argued that the sentence imposed by the trial court was illegal, the plea form was unconstitutional, and that he received ineffective assistance of counsel. That petition was denied at an unknown point in time, (Docket Entry 1 at 5), and the New Jersey Appellate Division affirmed the trial court's decision, *State v. Melvin Shawn Jones*, No. A–1068–95 (N.J. Sup. Ct. App. Div. Dec. 3, 1996) (unpublished). *See State v. Jones*, No. A-4935-09, 2012 WL 2120818, at *1 (N.J. Super. Ct. App. Div. June 13, 2012).[1]

On December 4, 1998, Petitioner filed a petition for writ of habeas corpus with this Court arguing that he was coerced into accepting the plea agreement. *Jones v. Hendricks*, No. 98-1474 (WGB), slip op. at 3 (D.N.J. Feb. 25, 2000); *see also* Docket Entry 1 at 14. The Honorable William G. Bassler, D.N.J., denied the petition on February 25, 2000. *Id.* at 8. Petitioner appealed to the Court of Appeals for the Third Circuit, which

---

[1] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York,* 577 F.3d 521, 525 (3d Cir. 2009). This Court takes judicial notice of the Opinions entered in *State v. Jones*, No. A-4935-09, 2012 WL 2120818 (N.J. Super. Ct. App. Div. June 13, 2012); and *Jones v. Hendricks,* No. 98-1474 (WGB) (D.N.J. Feb. 25, 2000). *See also* 28 U.S.C. § 2254 Rule 4(b) (permitting examination of "the record of prior proceedings" in the court's initial review).

affirmed the district court's dismissal. *Jones v. Morton*, No. 00-5161 (3d Cir. Apr. 11, 2001).

On March 15, 2004, Petitioner filed a second PCR petition. (Docket Entry 1 at 6). He again raised ineffective assistance of counsel, a violation of N.J.R.E. 603 in the taking of his plea, a deficient plea form, double jeopardy, and an illegal sentence. (Docket Entry 1 at 6). "The trial court denied the petition on September 29, 2005." *State v. Jones*, No. A-4935-09, 2012 WL 2120818, at *1 (N.J. Super. Ct. App. Div. June 13, 2012).

On March 2, 2010, Petitioner filed a third PCR petition "again arguing ineffective assistance of counsel, and claiming that his guilty plea was not supported by an adequate factual basis. By order dated May 25, 2010, the court denied the petition as time-barred under *Rule* 3:22-12(a)(2)." *Ibid.* The Appellate Division agreed the third PCR petition was time-barred, and Petitioner had "not articulated any basis to relax the clear time restrictions imposed by the rule." *Ibid.*; *see also* Docket Entry 1 at 11.

Petitioner filed this petition for writ of habeas corpus on December 3, 2014. (Docket Entry 1). On December 17, 2014, this Court administratively terminated the petition for failure to pay the filing fee or submit an application to proceed *in forma pauperis*. (Docket Entry 2). After receiving the filing fee and reopening the case, (Docket Entry 3), the Court advised

3

Petitioner of his rights under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), and ordered him to respond within forty-five days as to how he wanted to proceed. (Docket Entry 4). On March 10, 2015, Petitioner filed a response to the *Mason* Order indicating he wanted to have his pleading characterized as a § 2254 petition. (Docket Entry 5). On June 1, 2015, Petitioner filed a Motion for Writ of Traverse, in which he requested the Court hold an evidentiary hearing to resolve factual questions regarding his plea agreement. (Docket Entry 6).

**III. STANDARD OF REVIEW**

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

A federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v.*

*Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

**IV. ANALYSIS**

This is Petitioner's second federal habeas petition challenging his conviction and sentence. *See Jones v. Hendricks*, No. 98-1474 (WGB) (D.N.J. Feb. 25, 2000). This fact requires this Court to consider whether this Petition is "second or successive" and, thus, whether this Court lacks jurisdiction to entertain it in the absence of an order from the Third Circuit permitting its filing. *See* 28 U.S.C. § 2244(b).

A petition is not necessarily "second or successive" merely because it follows an earlier federal petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998) (per curiam)) If, however, a petition is resolved in a way that satisfies a petitioner's one 'full and fair opportunity to raise a [federal] collateral attack,' then it does count for purposes of § 2244(b)." *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). Similarly, where a petition raises a claim that was or could have been raised in an earlier habeas petition decided on the merits, that claim clearly is "second or successive." *Benchoff*, 404 F.3d at 817 (citing *McCleskey v. Zant*, 499 U.S. 467, 493–95 (1991); *Wise v. Fulcomer*, 958 F.2d 30, 34 (3d Cir. 1992)).

5

Petitioner's current petition challenges the validity of his guilty plea on the grounds that no sworn testimony was taken at the time of his plea, in violation of N.J.R.E. 603; and that the plea form used at the time of the plea was constitutionally deficient. (Docket Entry 1 at 7, 9). He asserts the State violated his rights against Double Jeopardy "where there were two indictments for identical offenses existing simultaneously[,]" (Docket Entry 1 at 10),[2] and that his sentence was illegal under New Jersey law, (Docket Entry 12).

Petitioner's previous federal habeas petition challenging his guilty plea was denied on the merits. The court specifically concluded that the record "as a whole shows Jones to have entered the plea agreement voluntarily. The State court proceeding, therefore, was not an unreasonable application of Federal law nor an unreasonable determination of the facts in light of the evidence." *Jones v. Hendricks,* No. 98-1474 (WGB), slip op. at 7 (D.N.J. Feb. 25, 2000). None of the grounds raised in the instant petition are grounds that could not have been raised in Petitioner's prior petition, therefore all of Petitioner's claims are "second or successive." Accordingly, this Court lacks jurisdiction over the petition absent an order from the Third Circuit.

---

[2] Petitioner indicates one indictment was actually a superseding indictment. (Docket Entry 1 at 10).

If a second or successive petition is filed in the district court without such an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. *See also Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003). ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

The Court concludes it is not in the interests of justice to transfer the petition as it is clearly time-barred. *See State v. Jones*, No. A-4935-09, 2012 WL 2120818, at *1 (N.J. Super. Ct. App. Div. June 13, 2012) (affirming dismissal of Petitioner's third PCR petition as time-barred). This decision not to transfer the petition in no way precludes Petitioner from seeking permission from the Third Circuit himself pursuant to § 2244(b) should he so choose.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The present case fails to meet this standard, therefore no certificate of appealability will be issued.

**V. CONCLUSION**

    Petitioner Jones seeks to challenge his state conviction and sentence in a second habeas petition. Absent an order from the Third Circuit, this Court must dismiss the petition for lack of jurisdiction. As the Court lacks jurisdiction over the petition, the motion for an evidentiary hearing must be denied. No certificate of appealability will be issued. An accompanying Order will be entered.

 

  **September 25, 2015**                      **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge